UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                                    Case No. 17-12551-SMG
                                                                                Chapter 7
**JAMES RICHARD STOUT, III,**

    **Debtor.**                                          /

### TRUSTEE SCOTT N. BROWN'S MOTION TO AUTHORIZE AND APPROVE PROPOSED PRIVATE SALE

Scott N. Brown (the "Trustee"), as Chapter 7 trustee of the bankruptcy estate of James Richard Stout, III (the "Debtor"), through undersigned counsel, and pursuant to 11 U.S.C. §§ 105 and 363, Federal Rules of Bankruptcy Procedure 2002 and 6004, and Local Rule 6004-1, files this *Motion to Authorize and Approve Proposed Private Sale* of the estate's right, title and interest in any and all causes of action of the Estate (defined below), including all claims raised or could have been raised in that certain adversary proceeding number 19-1012-SMG pending before this Court (the "Claims"), and as good cause for same, states as follows:

### I. Summary of Requested Relief

1. By this motion, the Trustee seeks, among other relief, entry of an order: (a) approving the proposed private sale of the Estate's right, title and interest in the Claims, "AS-IS, WHERE-IS," without representations or warranties of any type being given by the Trustee or his professionals; and (b) granting other related relief, on the terms and conditions set forth herein (the "Proposed Sale").

2. For the reasons set forth herein, the Trustee asserts that the Proposed Sale satisfies the "sound business purpose" test and is in the best interests of this Estate.

## II. Jurisdiction and Venue

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. Limited Relevant Background

4. This case commenced with the filing of a voluntary Chapter 7 petition by the Debtor on July 30, 2019 (the "Petition Date"). Shortly thereafter, Scott N. Brown was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

5. On January 23, 2019, the Trustee initiated adversary proceeding number 19-091912-SMG (the "Adversary Proceeding") by the filing of a complaint seeking to recover $20,852.76.

6. Following extensive pretrial motion practice, negotiations, discussions, and a judicial settlement conference, the Trustee has determined it is in the best interests of the Estate to sell the Claims and assign his rights in and to the Adversary Proceeding, **"AS-IS, WHERE-IS" and without representations or warranties of any type being given by the Trustee or his professionals.** While neither the Trustee nor his professionals makes any representations, neither is aware of any claims, liens or encumbrances against the Claims, and the bankruptcy schedules filed by the Debtor do not reflect any.

## IV. The Proposed Sale

7. The Trustee was recently introduced to Bridge Holding, Inc. (the "Proposed Buyer"), which offered to purchase the Claims and take an assignment of the Adversary Proceeding, "AS-IS, WHERE-IS" and without representations or warranties of any type being given by the Trustee or his professionals, for $8,150.00 (the "Purchase Price"), payable to the

Trustee in cleared funds no later than (15) days following the entry of a final and non-appealable Order granting this Motion in a form substantially similar to the version attached hereto as Exhibit "A." The Trustee asserts that the sale "AS-IS, WHERE-IS" and without representations or warranties of any type being given by the Trustee or his professionals is appropriate under the circumstances.

8. All transfer fees, costs and taxes arising from or related to the Proposed Sale, including, but not limited to, sales tax and any transfer fees will be paid by the Proposed Buyer and the only documents that the Trustee will be required to deliver to effectuate and consummate the Proposed Sale is a *Bill of Sale* and a *Substitution of Party Plaintiff* to be filed in the Adversary Proceeding, both of which are attached hereto as composite Exhibit "B."

## Legal Argument and Citation to Authorities

## 11 U.S.C. § 363(b)

9. Section 363(b)(1) of the Bankruptcy Code provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, in pertinent part, Rule 6004(f)(1) states that, "all sales not in the ordinary course of business may be by private sale or by public auction." Fed. R. Bank. P. 6004(f)(1).

10. A court should approve the use, sale or lease of property out of the ordinary course of business if there is an articulated business justification. *See In re Abbotts Dairies of Pa. Inc.*, 788 F.2d 143, 145 (3rd Cir. 1986).

**Sound Business Purpose**

11. With respect to satisfying the elements of the "sound business purpose" test[1], for the reasons set forth herein, the Trustee asserts that the proposed sale of the Claims and assignment of the Adversary Proceeding is the most cost effective and efficient way to monetize the Estate's right, title and interest in the Adversary Proceeding and the Claims. Creditors and other parties in interest will receive accurate and reasonable notice of the terms of the Proposed Sale through this Motion, and will have the opportunity to object and/or make higher and better offers.

12. Generally, courts have applied four (4) factors in determining whether a sale of a debtor's assets should be approved: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed and negotiated in good faith; and (d) whether adequate and reasonable notice has been provided. *See Committee Of Equity Sec., Holders v. Lionel Corp. (In re Lionel, Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983).

13. The fundamental analysis with respect to approving a sale is the same whether the sale is private or public. *See, e.g., In re Ancor Exploration Co.*, 30 B.R. 802, 808 (Bankr. N.D. Okla. 1983)("[T]he bankruptcy court should have wide latitude in approving even a private sale of all or substantially all of the estate assets not in the ordinary course of business under §363(b)"). A bankruptcy court has broad discretion in the administration of a debtor"s bankruptcy estate which includes the ability to authorize private sales of estate property. *In re WPRV-TV, Inc.*, 413 B.R. 315, 319 (D.P.R. 1991), vacated on other grounds, 165 B.R. 1 (D. P.R. 1992).

14. In the instant case, the Trustee asserts that the Proposed Sale meets all of the aforementioned requirements and should be approved.

---

[1] *See In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

A. **The Proposed Sale Reflects the Exercise of the Trustee's Sound Business Judgment**

15. The Proposed Sale provides for the immediate monetization of the Adversary Proceeding that is approximately 35% of the face value of the claim. The defendant in the Adversary Proceeding is contesting the action at every level. The Estate simply does not have the resources to engage in the litigation any further, particularly given the low amounts at issue. The Trustee has attempted unsuccessfully to secure either a litigation funder or other potential buyer and therefore believes the Proposed Sale is best for the Estate.

16. Accordingly, the Trustee asserts that the Proposed Sale is in the best interests of this Estate.

B. **The Purchase Price is Fair and Reasonable**

17. In light of, among other things, the expense and uncertainty of litigating the Adversary Proceeding and the third-party hard costs required that neither the Estate, nor the Trustee, nor his professionals can bear, the Trustee believes that the Purchase Price represents fair and reasonable consideration for the sale of the Claims and an assignment of the Adversary Proceeding, under the circumstances.

C. **The Sale is Proposed in Good Faith**

18. The Trustee asserts that the Proposed Sale is the product of good faith negotiations.

19. For the foregoing reasons, the Trustee asserts that the Proposed Sale is the most cost effective, timely, and viable way to monetize the Estate's right, title and interest in the Claims and the Adversary Proceeding, and thus, the Trustee asserts that the Proposed Sale to the Proposed Buyer is in the best interest of this Estate and its creditors.

**Authority for Trustee to Execute Documents**

20. Assuming that the instant Motion is granted, the Trustee also seeks authority to: (a) take all actions; and (b) execute all documents, that he deems reasonable, necessary and/or desirable to effectuate the Proposed Sale.

**Exculpation of Trustee and His Professionals**

21. The Trustee further requests that the Approval Order contain standard language exculpating the Trustee and his professionals from and against any and all claims and causes of action which may or could be asserted against them arising from or related to the performance of their duties in connection with the Proposed Sale.

**Retention of Jurisdiction**

22. Finally, the Trustee respectfully requests that the Approval Order vest this Court with sole and exclusive personal and subject matter jurisdiction to interpret, implement, enforce and resolve any and all disputes arising from or related to the: (a) relief sought in this Motion; (b) Proposed Sale; and (c) relief authorized by the Approval Order.

23. The Proposed Buyer has reviewed this motion prior to its filing and has confirmed that it accurately reflects the agreement of the parties.

**WHEREFORE**, Scott N. Brown, as Chapter 7 Trustee of the Bankruptcy Estate of James Richard Stout, III, respectfully requests this Honorable Court enter an Order substantially in the form attached hereto as Exhibit "A" and granting such other and further relief as this Court deems just and proper.

    Respectfully submitted,

**STEVEN FENDER PA**

 /s/ G. Steven Fender
G. STEVEN FENDER, ESQ.
Florida Bar No. 060992
P.O. Box 1545
Ft. Lauderdale, FL 33302
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com
*Attorney for the Trustee*


**Via ECF/CM:**

Scott N Brown     sbrown@bastamron.com, hharrison@bastamron.com;jmiranda@bastamron.com;kjones@bastamron.com;jleggett@bastamron.com

Scott N Brown     sbrown@bastamron.com, jarrechavala@bastamron.com;snbrown@ecf.axosfs.com;F003@ecfcbis.com

G Steven Fender     steven.fender@fender-law.com, lm910@aol.com

Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov

Philip L Rubin     arubin@lrglaw.com

Steven J. Solomon     steven.solomon@gray-robinson.com, Ana.Marmanillo@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com

Chad T Van Horn     Chad@cvhlawgroup.com, Chad@ecf.inforuptcy.com,g2320@notify.cincompass.com,chapter7@cvhlawgroup.com,chapter13@cvhlawgroup.com,chapter11@cvhlawgroup.com

7

**Via US Regular Mail:**

James R. Stout, Debtor
601 Twin Oaks Drive, # 1507
Temple, TX 76504

All Creditors and interested parties on the original mailing matrix on file with the Court and attached hereto.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 17-12551-SMG<br>Southern District of Florida<br>Fort Lauderdale<br>Fri Apr 10 14:34:20 EDT 2020 | Ashley Funding Services, LLC its successors<br>assigns as assignee of Reimbursement<br>Technologies, Inc.<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Autovest, L.L.C.<br>P O Box 2247<br>Southfield, MI 48037-2247 |
| Autovest, LLC<br>7915 S Emerson Ave Ste B-230<br>Indianapolis, IN 46237-8557 | Broward College<br>111 E Las Olas Blvd<br>Fort Lauderdale, FL 33301-2298 | Broward Health Medical Center<br>1608 SE 3rd Ave<br>Fort Lauderdale, FL 33316-2564 |
| Carmax Auto Finance<br>PO Box 440609<br>Kennesaw, GA 30160-9511 | Comcast<br>PO Box 530098<br>Atlanta, GA 30353-0098 | Complete Collection Service<br>1007 N Federal Hwy # 280<br>Fort Lauderdale, FL 33304-1422 |
| Dept of ED/Navient<br>300 Continental Dr<br>Newark, DE 19713-4322 | Dept of ED/Navient<br>PO Box 9635<br>Wilkes Barre, PA 18773-9635 | Diversified Consultants, Inc<br>PO Box 1391<br>Southgate, MI 48195-0391 |
| Doctor Business Bureau<br>202 N Federal Hwy<br>Lake Worth, FL 33460-3438 | IC System<br>444 Highway 96 E<br>Saint Paul, MN 55127-2557 | Internal Revenue Services<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| John Cummings<br>3111 NE 22nd St<br>Fort Lauderdale, FL 33305-1827 | Navient Solutions, LLC on behalf of<br>Department of Education Loan Services<br>PO BOX 9635<br>Wilkes-Barre, PA 18773-9635 | North Broward Radiologists<br>PO Box 371863<br>Pittsburgh, PA 15250-7863 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Phoenix ED Medice of Broward, LLC<br>PO Box 38048<br>Philadelphia, PA 19101-0813 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| RSI Enterprises, Inc<br>PO Box 710507<br>Herndon, VA 20171-0507 | Southeastern Regional Medical Center<br>2610 Sheridan Rd<br>Zion, IL 60099-2615 | Synchrony Bank/Care Credit<br>PO Box 965036<br>Orlando, FL 32896-5036 |
| (p)TD BANKNORTH NA<br>70 GRAY ROAD<br>FALMOUTH ME 04105-2299 | Verizon<br>by American InfoSource LP as agent<br>PO Box 248838<br>Oklahoma City, OK 73124-8838 | Chad T Van Horn<br>330 N Andrews Ave #450<br>Ft Lauderdale, FL 33301-1012 |
| James Richard Stout II<br>601 Twin Oaks Drive, # 1507<br>Temple, TX 76504-2148 | Scott N Brown<br>1 SE 3 Ave #1400<br>Miami, FL 33131-1708 | Steven G Fender<br>POB 1545<br>Fort Lauderdale, FL 33302-1545 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Portfolio Recovery Associates, LLC       TD Bank, N.A.
POB 41067                                PO Box 84037
Norfolk VA 23541                         Columbus, GA  31908-4037
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)CarMax Auto Finance          (d)John Cummings                 End of Label Matrix
                                3111 NE 22nd Street              Mailable recipients   29
                                Fort Lauderdale, FL 33305-1827   Bypassed recipients    2
                                                                 Total                 31
```

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                                  Case No. 17-12551-SMG
                                                                        Chapter 7
**JAMES RICHARD STOUT, III,**

     **Debtor.**                            /

## ORDER GRANTING TRUSTEE SCOTT N. BROWN'S MOTION TO AUTHORIZE AND APPROVE PROPOSED PRIVATE SALE

**THIS MATTER** came before the Court upon *Trustee Scott N. Brown's Motion to Authorize and Approve Proposed Private Sale* (the "Motion") [D.E. __]. The Court, after reviewing the Motion, noting that no objections were either filed in opposition to the Motion or raised at the hearing to consider the Motion, hereby finds as follows[i]:

A.  Scott N. Brown, as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of James Richard Stout, II (the "Debtor"), provided good and sufficient notice of the Motion and the hearing thereon;

B.  The Sale of the Claims and assignment of adversary proceeding 19-01012-SMG to Bridge Holding, Inc., the Proposed Buyer ("BHI"), for the Purchase Price is fair and

reasonable, satisfies the "sound business purpose" test and is in the best interest of this Estate;

C.  BHI is not an insider of the Debtor;

D.  Based on the representations of BHI, BHI has not engaged in any conduct that would allow the sale of the Claims to be avoided pursuant to Section 363(n) of the Bankruptcy Code; and

E.  The Debtor's bankruptcy schedules do not reflect any claim, liens or encumbrances in the Claims.

Accordingly, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The purchase and sale of the Claims to BHI is **APPROVED** on the terms and conditions set forth in the Motion, which terms and conditions are incorporated herein by reference.

3. BHI is directed to pay the Purchase Price of $8,150 in cleared funds to the Trustee within fifteen (15) days from the date this Order becomes final and non-appealable.

4. Pursuant to the terms of the Motion, the Claims shall be conveyed and assigned to BHI "AS-IS, WHERE-IS", without representations or warranties of any type by the Trustee or his professionals in exchange for the Purchase Price.

5. Upon timely receipt of the Purchase Price, the Trustee shall execute and deliver the *Quitclaim Bill of Sale* to BHI and file the *Agreed Ex-Parte Motion to Substitute Party Plaintiff*, both as attached to the Motion as composite Exhibit "B." The Trustee shall not be required to execute any other documents or instruments in order to effectuate the sale and conveyance of the Claim and assign the Adversary Proceeding.

Exhibit "A"

6. Upon entry of this Order, Steven Fender, Esq. and Steven Fender PA shall be and are released from any and all liability to either Scott N. Brown or Bridge Holding, Inc. for any actions taken or not taken in connection with this case and any adversary proceeding of any kind whatsoever, and Scott N. Brown in his capacity as Chapter 7 Trustee, and his general counsel, Bast Amron LLP, are also are released from any and all liability to Bridge Holding, Inc. for any actions taken or not taken on connection with this case or any adversary proceeding of any kind whatsoever.

7. This Court retains sole and exclusive personal and subject matter jurisdiction over the Parties and to adjudicate any and all claims, controversies, or disputes arising from or related to the sale.

# # #

**Submitted by:**

G. Steven Fender

*[G. Steven Fender, Esq. is directed to serve a conformed copy of this order on all interested parties and file a certificate of service with the Court.]*

---

Defined terms used herein but not otherwise defined shall be ascribed their meaning under the Motion [i]

Composite Exhibit "B"

**ASSIGNMENT AND QUITCLAIM BILL OF SALE**

  KNOW ALL MEN BY THESE PRESENTS that, effective the ___ day of March 2020, Scott N. Brown, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of James Richard Stout, II (the "Assignor")[1] hereby transfers and sets over unto and in favor of Bridge Holding, Inc. (hereinafter called the "Assignee") pursuant to the *Order Granting Trustee Scott N. Brown's Motion to Authorize and Approve Proposed Private Sale* [D.E. No. ___], all of the rights, title and interest of the Assignor and Assignor's successors and assigns, in and to any and all causes of action, including all claims raised or could have been raised in that certain adversary proceeding No. 19-01012-SMG pending before the Bankruptcy Court, "AS IS, WHERE IS" without any representations or warranties, either express or implied (the "Claims").

  TO HAVE AND TO HOLD the same unto Assignee and Assignee's successors and assigns forever.

I. SUCCESSORS; NO ORAL MODIFICATION. This Assignment and Quitclaim Bill of Sale shall inure to the benefit of the Assignee and is binding upon the Assignor and each of its respective successors or assigns and may not be modified or terminated except by a written agreement assigned by the parties hereto.

II. GOVERNING LAW. This Assignment shall be governed by, and construed in accordance with, the laws of the State of Florida.

III. PARTIAL INVALIDITY. If part of this Assignment and Quitclaim Bill of Sale is contrary to, prohibited by, or deemed invalid under applicable laws or regulations, such part shall be inapplicable and deemed omitted to the extent contrary, prohibited or invalid, but the remainder of this Assignment and Quitclaim Bill of Sale shall not be invalidated thereby and shall be given effect so far as is possible.

  IN WITNESS WHEREOF, Assignor has hereunto set its hand and seal as of the ____ day of May 2020.

Witnesses:             ASSIGNOR:

                  SCOTT N. BROWN, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of James Richard Stout, II

Print Name: _____     By: _____
                  Print Name: Scott N. Brown, as Trustee

Print Name: _____

STATE OF FLORIDA
COUNTY OF _____

  The foregoing document was acknowledged before me this _____ day of March 2020, by SCOTT N. BROWN. He is personally known to me or has produced _____ as identification.

                  Notary Public
(AFFIX NOTARIAL SEAL)       Print Name: _____
                  Serial No. _____
                  My Commission Expires: _____

---

[1] Pending before the United State Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, Case No. 17-12551-SMG (the "Bankruptcy Court").

\335005\185 - # 1404506 v4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:  Case No. 17-12551-RBR

**JAMES RICHARD STOUT, II,**  Chapter 7

    Debtor,
_____/
**SCOTT N. BROWN, as Trustee in**  Adversary No. 19-01012-RBR
**Bankruptcy for James Richard Stout, II,**

    **Plaintiff,**

v.

**KABAM, INC.,**

    **Defendant.**
_____/

**AGREED EX-PARTE MOTION TO SUBSTITUTE PARTY PLAINTIFF**

Plaintiff, Scott N. Brown, as trustee in bankruptcy for the estate of James Richard Stout, II (the "Trustee"), moves the Court for the entry of an Order substituting Bridge Holding, Inc. ("BHI") as successor-in-interest to the Trustee as party plaintiff in the above-styled adversary proceeding for the original plaintiff, and as grounds therefor states:

1. Pursuant to this Court's *Order Granting Trustee Scott N. Brown's Motion to Authorize and Approve Proposed Private Sale* [D.E. No.   ], the Trustee sold and assigned to BHI all rights, title and interest in this litigation (the "Sale").

2. As a result of the Sale, Neither the Trustee nor James Richard Stout, II, debtor no longer hold either a legal or equitable interest in any of the claims which were raised or could have been raised against defendant Kabam, Inc. (the "Defendant") in the complaint which initiated this adversary proceeding.

3.     The Defendant consents to the substitution of BHI for the Trustee.

WHEREFORE, the Trustee requests entry of the order attached hereto which substitutes BHI as successor-in-interest to the Trustee as plaintiff in this action, and for such other and further relief as is just.

                        Respectfully submitted,

                        */s/ G. Steven Fender*
                        G. Steven Fender, Esq.
                        Florida Bar No: 060992
                        Steven Fender, PA
                        P.O. Box 1545
                        Ft. Lauderdale, FL 33302
                        Telephone: (407) 810-2458
                        Email: steven.fender@fender-law.com
                        *Attorney for the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on April __, 2020, a true and correct copy of the foregoing was sent via transmission of Notices of Electronic Filing generated by CM/ECF to all parties registered to receive notice in this case and by E-mail to the parties listed below:

- Steven.Fender@Fender-law.com
- Sbrown@bastamron.com
- Ted.Craig@gray-robinson.com
- Steven.Solomon@gray-robinson.com

                        */s/ G. Steven Fender*
                        G. Steven Fender, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:  Case No. 17-12551-SMG

**JAMES RICHARD STOUT, II,**  Chapter 7

    **Debtor,**
_____/
**SCOTT N. BROWN, as Trustee in**  Adversary No. 19-01012-SMG
**Bankruptcy for James Richard Stout, II,**

    **Plaintiff,**

v.

**KABAM, INC.,**

    **Defendant.**
_____/

**AGREED ORDER GRANTING EX PARTE MOTION
TO SUBSTITUTE PARTY PLAINTIFF**

THIS CAUSE came before the Court on the *Ex-Parte Motion to Substitute Party Plaintiff* ("Motion") [D.E. No. ___] filed by Scott N. Brown, as the trustee in bankruptcy for James Richard

Case No. 17-12551-SMG<br>Adversary No. 19-01012-SMG

Stout, II. The Court, having reviewed the Motion and being otherwise fully advised in the premises, hereby:

**ORDERS** as follows:

1. The Motion is GRANTED.

2. Bridge Holding, Inc. is hereby substituted in as the named plaintiff in this matter for Scott N. Brown, as Trustee in Bankruptcy for James Richard Stout, II. The Clerk of Court is directed to revise the docket in this adversary proceeding to reflect the name of **Bridge Holding, Inc.** as the sole plaintiff.

3. Upon entry of this Order, Steven Fender, Esq. and Steven Fender PA shall no longer be counsel of record for the Plaintiff in this matter, are relieved from any obligations in this matter of any kind past, present, or future, and are released from any and all liability to either Scott N. Brown or Bridge Holding, Inc. for any actions taken or not taken on connection with this case of any kind whatsoever, and Scott N. Brown in his capacity as Chapter 7 Trustee, and his general counsel, Bast Amron LLP, are also relieved from any obligations in this matter of any kind past, present, or future, and are released from any and all liability to Bridge Holding, Inc. for any actions taken or not taken on connection with this case of any kind whatsoever.

###

Submitted by:

G. Steven Fender, Esq.
Florida Bar No: 060992
Steven Fender, PA
P.O. Box 1545
Ft. Lauderdale, FL 33302
Telephone: (407) 810-2458

Copies furnished to:
Steven J. Solomon, Esq.


*[Attorney Solomon is directed to serve a conformed copy of this Order to all interested parties upon receipt and shall file a certificate of service within 3 days of receipt of this Order with the Clerk of Court].*